**In re Petition for DISCIPLINARY ACTION AGAINST Robert P. MORIN, an Attorney at Law of the State of Minnesota.**

No. C5-89-2094.

Supreme Court of Minnesota.

Dec. 6, 1989.

ORDER

WHEREAS, the above-entitled matter is before this court upon application of the Director of Lawyers Professional Responsibility, and

WHEREAS, it appears to this court that respondent, Robert P. Morin, cannot be found in this state, and

WHEREAS, the Director of Lawyers Professional Responsibility has mailed a copy of the petition for disciplinary action to respondent's last known address on or about November 9, 1989, and has filed an affidavit of mailing with this court on or about November 22, 1989,

NOW, THEREFORE, IT IS ORDERED that respondent Robert P. Morin is hereby suspended from the practice of law in the State of Minnesota from and after the date of this order pending final determination of disciplinary proceedings herein pursuant to Minn.R.Law.Prof.Resp. 12(c)(1).

**In the Matter of the Application for Reinstatement of William J. PLATTO, an Attorney at Law of the State of Minnesota.**

No. C4-87-2289.

Supreme Court of Minnesota.

Dec. 7, 1989.

ORDER

WHEREAS, respondent was transferred to disability inactive status pursuant to Rule 28, RLPR, by order of the court dated March 10, 1988, and

WHEREAS, following respondent's application for reinstatement, a panel of the Lawyers Professional Responsibility Board recommended that respondent be removed from disability inactive status and reinstated to the practice of law on a two-year probationary basis with conditions, and

WHEREAS, the Director has filed with this court a letter in which he agrees with the panel recommendation and in which he waives further proceedings before this court,

NOW, THEREFORE, IT IS HEREBY ORDERED that William J. Platto be reinstated to the practice of law in the State of Minnesota on a two-year probationary basis effective the date of this order. The terms of the reinstatement are as follows:

1. Petitioner shall continue psychological counseling until such time as his psychologist determines such counseling is no longer required;

2. Petitioner shall notify the Director's office at least two weeks prior to resuming the practice of law and shall at that time nominate a supervisor to review and monitor his practice; and

3. Petitioner shall provide an inventory of all client files for his supervisor on a monthly basis and shall cooperate with his supervisor in monitoring his timely communication and completion of client matters.